IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| XAVIER FLORES, | ) | CIVIL 16-00225 LEK-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| RUSS JACOBS - UNITED STATES | ) | |
| MARSHAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT; DENYING APPLICATION TO PROCEED
IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS;
AND DENYING ALL OTHER PENDING MOTIONS**

On May 9, 2016, pro se Plaintiff Xavier Flores ("Plaintiff") filed, *inter alia*, his Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] The Court has considered these matters without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Complaint and the relevant legal authority, this Court HEREBY DISMISSES the Complaint WITH PREJUDICE, in other words, Plaintiff is not permitted to file an amended complaint. Further, the Application and all of Plaintiff's other pending motions are HEREBY DENIED AS MOOT. This means that all of Plaintiff's claims are dismissed, and Plaintiff does not have any claims pending in this district court.

## BACKGROUND

According to Plaintiff, approximately a week before the filing of the Complaint, he came to this district court and asked Defendant Russ Jacobs, United States Marshal Service ("Defendant Jacobs"), to forward a message to Chief United States District Judge J. Michael Seabright.  The message related to:
1) Plaintiff's desire to assist with what he considers to be necessary amendments to the Americans with Disabilities Act of 1990 ("ADA") and to unspecified intellectual property laws; and
2) Plaintiff's offer to "go to Europe to disable ISIS." [Complaint at pgs. 1-2.]  After Plaintiff's repeated inquiries to Defendant Jacobs regarding whether there was a response to Plaintiff's message, Defendant Jacobs finally stated that he received no response from Chief Judge Seabright.  [Id. at pg. 3.]

According to the Complaint, Plaintiff works in manufacturing, and his work is a national security matter. However, Plaintiff asserts that he cannot perform his work until the issues regarding the ADA and the intellectual property laws are resolved.  Because he is unable to work in his field until then, he is offering his assistance in the process to amend these laws and with ISIS, but he states that he "need[s] a list of resources" to do so, [id. at pg. 2,] and he will not provide his assistance until he meets with Chief Judge Seabright, a "U.S. Senator, and a U.S. Congressman" who represent the State of

Hawai`i.  [Id. at pgs. 3-4.]  Plaintiff also states that he will "work on a new agreement between [him]self, U.S. Government, and Native American[s]," which includes Native Hawaiians and "Native Indians from Mexico and Central America."  [Id. at pg. 5.]  The agreement would distribute "at least fifty percent of [Plaintiff's] net worth and in the interest of the U.S. Government."  [Id.]  Apparently because he cannot work until the ADA and intellectual property laws are amended, Plaintiff has filed this action "to protect [his] reputation, crediability [sic], time and monies."  [Id. at pg. 3.]

　　　　Plaintiff prays for the following relief: "[a]ccess to [his] financial account via a court appointed attorney"; $10 million to work on the amendments to the ADA and the intellectual property laws; and $40-50 million if he goes to Europe to dismantle ISIS.  [Id. at pg. 4.]  He also demands that "[t]he people of Hawai`i . . . provide one female of royal bloodline, one common girl, one Middle class girl to be a partner.  They will give birth to at least five children each."  [Id. at pg. 6.]

**STANDARD**

　　　　This Court has recognized that the following standard applies to the screening of a complaint by a pro se plaintiff:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v.

MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).

Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea–Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process. Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); see also Fed. R. Civ. P. 12(h)(3); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Mather v. Nakasone, Civil No. 13-00436 LEK-KSC, 2013 WL 4788930, at *1-2 (D. Hawai`i Sept. 5, 2013) (alterations in Mather) (citation omitted).

## **DISCUSSION**

Even liberally construed, the Complaint does not specify what claim, or claims, Plaintiff is alleging against Defendant Jacobs and Defendant United States of America Department of Justice ("DOJ").  It appears that Plaintiff's case is based upon the fact that the DOJ and Defendant Jacobs (collectively "Defendants") have prevented him from meeting and/or communicating with Chief Judge Seabright regarding: 1) amendments to the ADA and intellectual property laws; 2) Plaintiff going to Europe to try to dismantle ISIS; and 3) a government agreement to redistribute wealth to Native Americans. Even if this Court accepts Plaintiff's allegations that Defendants prevented him from meeting and/or communicating with Chief Judge Seabright, Plaintiff has not identified any constitutional or statutory right that Defendants violated. Further, he has not identified any legal authority that supports his demand for either $10 million to work on the amendments to the ADA and intellectual property laws or his demand for $40-50 million to dismantle ISIS.

**I.   Bivens Claims**

If this Court liberally construes Plaintiff's Complaint as demanding damages that he allegedly suffered because Defendants violated his rights under the United States Constitution, the Complaint would assert a claim pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).  The United States Supreme Court has stated that, in <u>Bivens</u>, it "implied a cause of action for damages against federal **agents** who allegedly violated the Constitution." <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 473 (1994) (emphasis added).  The Supreme Court, however, has declined to extend <u>Bivens</u> to allow a cause of action for damages against **agencies** of the federal government. <u>Id.</u> at 486.  Further, without a waiver of the United States' sovereign immunity, a federal agency is immune from suit. <u>Id.</u> at 475 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  This district court has recognized that "<u>Bivens</u> does not authorize suits against the government or its agencies for monetary relief." <u>Jones v. Shinn</u>, Civil No. 14-00231 LEK-BMK, 2014 WL 3663769 at *2 (D. Hawai`i July 21, 2014) (citing <u>FDLC v. Meyer</u>, 510 U.S. 471, 486 (1994); <u>Ibrahim v. Dept. of Homeland Sec.</u>, 538 F.3d 1250, 1257 (9th Cir. 2008)).

Thus, even if Plaintiff's Complaint alleges a <u>Bivens</u> claim against the DOJ, it fails to state a claim upon which

relief can be granted because the DOJ is a federal agency. See Fed. R. Civ. P. 12(b)(6).

Relevant to Plaintiff's possible Bivens claim against Defendant Jacobs, this district court has stated:

> many circuit courts have held that Bivens will not support an action against federal officials sued in their official capacity only. See Daly-Murphy [v. Winston], 837 F.2d [348,] 355 [(9th Cir. 1987)]; Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991). Rather, Bivens actions are "against federal officials individually." Randall v. U.S., 95 F.3d 339, 345 (4th Cir. 1996). Significantly, a plaintiff cannot have a valid basis for a claim under section 1983 if the plaintiff is suing federal officials "acting under color of federal law." Daly-Murphy, 837 F.2d at 355.

Zeeman v. United States Dist. Court Dist. of Hawai`i Prob. Office, CV 14-00328 RSWL, 2016 WL 1559565, at *3 (D. Hawai`i Apr. 18, 2016). Plaintiff's Complaint does not specify whether he is suing Defendant Jacobs in his official or individual capacity. However, even liberally construing Plaintiff's Complaint, it only alleges actions that Defendant Jacobs took in his official capacity, while he was acting under the color of federal law. Plaintiff alleges that he came to the federal courthouse, and Defendant Jacobs prevented him from seeing and/or communicating with Chief Judge Seabright.

This Court FINDS that Plaintiff has sued Defendant Jacobs in his official capacity only, and therefore this Court CONCLUDES that Plaintiff's Bivens claim against Defendant Jacobs fails as a matter of law. Further, this Court CONCLUDES that

Plaintiff's Bivens claims against the DOJ and Defendant Jacobs are "obviously frivolous" and therefore do not confer federal subject matter jurisdiction.  See Franklin, 745 F.2d at 1227 n.6.  This Court therefore DISMISSES Plaintiff's Bivens claims for lack of jurisdiction.  This Court also CONCLUDES that the dismissal must be WITHOUT LEAVE TO AMEND because "it is absolutely clear that no amendment can cure the defect" in Plaintiff's Bivens claims.  See Lucas, 66 F.3d at 248.  In other words, Plaintiff is not entitled to the opportunity to try to amend his Complaint to cure the defects in his Bivens claims.

**II.  No Other Possible Claims**

Even liberally construing the Complaint, this Court cannot discern any other possible claim that would entitle Plaintiff to the relief that he seeks in this case.  This Court therefore FINDS that the only claims in the Complaint are the Bivens claims discussed above.  Because this Court has dismissed the Bivens claims without leave to amend, the entire Complaint is DISMISSED WITHOUT LEAVE TO AMEND.  Plaintiff has no claims remaining in this case.

**III. Application and Other Pending Motions**

On May 9, 2016, together with his Compliant and Application, Plaintiff also filed a Motion to Seal Case and a Motion for Summary Judgment.  [Dkt. nos. 4, 5.]  On May 24, 2016, he filed a motion seeking the appointment of counsel.  [Dkt. no.

6.] In light of the dismissal of the Complaint without leave to amend, the Application and all of Plaintiff's pending motions are DENIED AS MOOT.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint, filed May 9, 2016, is HEREBY DISMISSED WITHOUT LEAVE TO AMEND. In light of the dismissal of the Complaint, the Application to Proceed in District Court Without Prepaying Fees or Costs, also filed on May 9, 2016, and all of Plaintiff's other pending motions are HEREBY DENIED AS MOOT.

The Court DIRECTS the Clerk's Office to close this case on **July 1, 2016**, unless Plaintiff files a motion for reconsideration of this Order by **June 20, 2016**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 1, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**XAVIER FLORES VS. UNITED STATES OF AMERICA DEPARTMENT OF JUSTICE, ET AL; CIVIL 16-00225 LEK-KJM; ORDER DISMISSING COMPLAINT; DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND DENYING ALL OTHER PENDING MOTIONS**