IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| XAVIER FLORES, | ) | CIVIL 16-00225 LEK-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| RUSS JACOBS – UNITED STATES | ) | |
| MARSHAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On June 1, 2016, this Court issued its Order Dismissing Complaint; Denying Application to Proceed in District Court Without Prepaying Fees or Costs; and Denying All Other Pending Motions ("Dismissal Order"). [Dkt. no. 7.] On June 8, 2016, pro se Plaintiff Xavier Flores ("Plaintiff") filed a motion for reconsideration of the Dismissal Order ("Motion for Reconsideration"). [Dkt. no. 9.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motion and the relevant legal authority, Plaintiff's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff's Complaint, filed on May 9, 2016, arises from his attempts to communicate with Chief United States District Judge J. Michael Seabright regarding: 1) Plaintiff's desire to work on amendments to the Americans with Disabilities Act of 1990 ("ADA") and to unspecified intellectual property laws; 2) Plaintiff's offer to "go to Europe to disable ISIS"; [Complaint at pgs. 1-2;] and 3) a government agreement to redistribute wealth to Native Americans.  In the Dismissal Order, this Court stated that, even accepting Plaintiff's allegations that Defendants United States of America Department of Justice ("DOJ") and Russ Jacobs, United States Marshal Service ("Defendant Jacobs," collectively "Defendants"), prevented Plaintiff from communicating with Chief Judge Seabright, he has not identified any constitutional or statutory right that Defendants allegedly violated.  [Dismissal Order at 5.]

To the extent that Plaintiff was attempting to assert a claim pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), this Court concluded that the claim failed against the DOJ because, as a federal agency, the DOJ is immune from such suits.  Further, to the extent that Plaintiff was attempting to assert a Bivens claim against Defendant Jacobs, the claim failed because Plaintiff only sued him in his official capacity for actions that he took under color of federal law, and

2

Bivens does not support such suits.  [Id. at 6-7.]  This Court

therefore dismissed Plaintiff's Bivens claims for lack of

jurisdiction because they were obviously frivolous.  The

dismissal was without leave to amend because this Court concluded

that it was not possible for Plaintiff to cure the defects in his

Bivens claims.  Further, this Court concluded that Plaintiff's

Complaint did not present any other possible claims that would

entitle him to relief.  [Id. at 8.]

Plaintiff now asks this Court to reconsider the

Dismissal Order.

## DISCUSSION

This Court has previously stated that a motion for

reconsideration

> "must accomplish two goals.  First, a motion for
> reconsideration must demonstrate reasons why the
> court should reconsider its prior decision.
> Second, a motion for reconsideration must set
> forth facts or law of a strongly convincing nature
> to induce the court to reverse its prior
> decision."  See Davis v. Abercrombie, Civil No.
> 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D.
> Hawaii June 2, 2014) (citation and internal
> quotation marks omitted).  This district court
> recognizes three circumstances where it is proper
> to grant reconsideration of an order:  "(1) when
> there has been an intervening change of
> controlling law; (2) new evidence has come to
> light; or (3) when necessary to correct a clear
> error or prevent manifest injustice."  Tierney v.
> Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585,
> at *1 (D. Hawaii May 1, 2013) (citing School
> District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262
> (9th Cir. 1993)).  "Mere disagreement with a
> previous order is an insufficient basis for
> reconsideration."  Davis, 2014 WL 2468348, at *3

3

n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

Plaintiff argues that this Court does have jurisdiction over his case, [Motion for Reconsideration at 1,[1]] but he does not offer any newly discovered facts or any change in the controlling law that would require this Court to conclude that Plaintiff's Bivens claims are not frivolous. Nor does Plaintiff argue that this Court made a clear error in concluding that the attempted Bivens claims were the only claims alleged in the Complaint. He states only that he wishes to assist the state, local, and federal government, and he identifies various organizations and government agencies that are allegedly waiting for him to start his work. [Id. at 2.] None of the statements that Plaintiff makes in the Motion for Reconsideration establish that this Court made a clear error in the Dismissal Order or that reconsideration of the order is necessary to prevent manifest injustice.

This Court CONCLUDES that Plaintiff has not presented any ground that warrants reconsideration of the Dismissal Order.

---

[1] Plaintiff's Motion for Reconsideration does not have page numbers. The citations in this Order refer to the page numbers in the district court's electronic case filing system.

Plaintiff merely disagrees with this Court's rulings, which is not a sufficient basis to grant reconsideration.

<u>CONCLUSION</u>

On the basis of the foregoing, Plaintiff's Motion for Reconsideration, filed June 8, 2016, is HEREBY DENIED.  There being no remaining claims in this case, this Court DIRECTS the Clerk's Office to close this case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 1, 2016.



  /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**XAVIER FLORES VS. UNITED STATES OF AMERICA, DEPARTMENT OF JUSTICE, ET Al; CIVIL 16-00225 LEK-KJM; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**